IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LASHAWN RUSSELL,** | |
| **Petitioner,** | |
| v. | Case No. 3:23-cv-00006-NJR |
| **DAVID MITCHELL, Warden,** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner LaShawn Russell, an inmate of the Illinois Department of Corrections at Vienna Correctional Center,[1] brings this habeas action pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss Russell's Petition. (Doc. 9). For the reasons set forth below, Respondent's Motion to Dismiss the Petition is granted, and Russell's Petition is dismissed.

## BACKGROUND

In April 2021, Russell pleaded guilty to one count of Armed Robbery, in violation of 720 ILCS 5/18-2(a)(2), and received a 24-year sentence in the Circuit Court of Jackson County, Illinois. (Docs. 10-1; 10-3). Under the sentencing provision in Illinois' armed robbery statute, "[a] violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." *See* 720 ILCS 5/18-2(b). For Russell, the sentencing court imposed a 9-year sentence, then added the

---

[1] At the time he filed his Petition, Russell was incarcerated at Pinckneyville Correctional Center. Respondent David Mitchell was the warden of Pinckneyville at the time.

compulsory 15-year enhancement for committing the offense while carrying a firearm. A month after imposition of his sentence, Russell filed a motion to reconsider the sentence arguing that it was excessive and that the firearm enhancement was improper. (Doc. 10-2). On June 1, 2021, the trial court denied Russell's motion. (Doc. 10-3). No appeal or state postconviction action ensued. Over a year later, in July 2022, Russell asked the Illinois Supreme Court for leave to file an original habeas corpus action in light of the Supreme Court's holding in *United States v. Taylor*, 596 U.S. 845, 142 S.Ct. 2015, 213 L.Ed.2d 349 (2022). (Doc. 10-4). The Illinois Supreme Court denied Russell's motion for leave in November 2022. (Doc. 10-5).

Russell then filed this habeas petition, under 28 U.S.C. § 2254, to likewise seek relief after the Supreme Court's decision in *Taylor*. (Doc. 1). In response, Respondent filed a Motion to Dismiss the Petition arguing that it is untimely. (Doc. 9). According to Respondent, Russell's one-year limitations period to file a federal habeas corpus petition had expired. (*Id.*). Respondent also urges that *Taylor* does not recognize a constitutional right (or any right relevant to Russell) and, thus, did not trigger a fresh one-year limitations period. (*Id.*).

## LEGAL STANDARD

This habeas petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); 28 U.S.C. § 2254. Federal habeas review serves as "a guard against extreme

malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)) (internal quotation marks omitted). Habeas relief is restricted to cases where the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A one-year period of limitation applies to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d). The limitation period is triggered by the latest of the following events:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at § 2244(d)(1)(A)-(D). Equitable tolling "can extend the one-year period available for filing" when an applicant experiences some extraordinary circumstance, beyond their

control, that prevents timely filing. *Perry v. Brown*, 950 F.3d 410, 412 (7th Cir. 2020); *see generally Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).

## DISCUSSION

Russell filed his Petition on January 3, 2023. The Supreme Court decided *Taylor* on June 21, 2022. *See Taylor,* 596 U.S. 845 (2022). Under his interpretation of *Taylor*, Russell contends that an enhancement for using a firearm in furtherance of the commission of a crime is now deemed unconstitutional when no physical violence occurred in the commission of the charged crime. Thus, he reasons that the Illinois statute under which he was sentenced is now unconstitutional as it allows for a 15-year sentencing enhancement for use of a firearm in the commission of a robbery when no physical violence occurred. Russell also argues that he was never accused of brandishing a firearm during the robbery, rather, he was merely found with a gun on his person. As such, he states that the victim did not suffer physical violence, which is necessary for an enhancement under *Taylor*. Lastly, Russell contends that *Taylor* created a new and significant change in the law which overcomes any time limitations. Russell seeks resentencing to remove the 15-year enhancement.

As an initial matter, Russell misunderstands the Supreme Court's holding in *Taylor*. The *Taylor* Court analyzed whether attempted Hobbs Act robbery, a specific federal offense, constituted a crime of violence under 18 U.S.C. § 924(c)(3)(A), a specific federal statute, to qualify for a sentencing enhancement. *Taylor,* 596 U.S. at 853-59. The Supreme Court held that, because the government is not required to prove the use, attempted use, or threatened use of force to substantiate any element of attempted Hobbs

Act robbery, the offense does not qualify as a crime of violence subject to a sentencing enhancement under § 924(c). *Id.* at 860. In *Taylor*, the Supreme Court did not recognize any constitutional right that retroactively applies to cases on collateral review. *Taylor* also does not implicate, invalidate, or even graze the topic of, convictions or sentencing enhancements for armed robbery under state law—certainly not a conviction or enhancement under 720 ILCS 5/18-2.

Because the *Taylor* Court did not recognize any constitutional right (or make any such right retroactive), the limitations period for Russell's Petition is not triggered under 28 U.S.C. § 2244(d)(1)(C). Because there was no state-created impediment or newly discovered information to support Russell's claims, the Court also discards Sections 2244(d)(1)(B) and (d)(1)(D) for calculation of the limitations period. As such, Russell's Petition is subject to a one-year limitations period from the date on which the judgment against him became final by the conclusion of direct review or the expiration of the allotted time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). When a state petitioner elects not to seek review in the State's highest court, the judgment of conviction becomes final when the time for seeking review expires. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Under Illinois Supreme Court Rule 606(b), a defendant must file a notice of appeal within 30 days after the entry of the final judgment or "if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. Sup. Ct. R. 606(b) (perfection of appeal in criminal cases, post-conviction cases, and juvenile court proceedings). When judgment is entered after a negotiated plea of guilty, the defendant must, in order to challenge his sentence as excessive, file a motion

to withdraw the plea of guilty within 30 days of the imposition of the sentence. Ill. Sup. Ct. R. 604(d) (appeal by defendant from a judgment entered upon a plea of guilty).

Here, because Russell entered a fully negotiated guilty plea, he had 30 days from the imposition of his sentence to file a motion to withdraw his plea to challenge his sentence as excessive. His sentence was imposed on April 22, 2021, and, thus, his motion to withdraw was due by May 22, 2021. On that day, the judgment of conviction became final against Russell as his time to properly seek review expired. As such, the one-year limitations window to file a petition for habeas corpus closed on May 22, 2022. Russell filed his Petition on January 3, 2023, which obviously falls outside that window.

Russell did file a motion for reconsideration, which does not appear to be the proper channel to challenge his sentence after entering a negotiated guilty plea, but even if the Court finds that the state trial court's disposal of that motion triggered the limitations period, the Petition remains untimely. The state trial court denied Russell's motion to reconsider sentence on June 1, 2021. If Russell's judgment became final 30 days after disposition of the motion to reconsider, it became final on July 1, 2021. Thus, the one-year limitations period expired on July 1, 2022. Again, even under this more generous calculation, the Petition, filed on January 3, 2023, was untimely.

Of course, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under Section 2244(d). 28 U.S.C. § 2244(d)(2). But Russell's motion for leave to file an original action in the Illinois Supreme Court was not a properly filed collateral attack. When "state law

requires pre-filing authorization" to file a motion for postconviction relief or collateral attack, "simply taking steps to fulfill this requirement does not toll" the limitations period. *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009). The limitations period is tolled only if the state court grants permission to file the petition for postconviction relief or collateral attack. *Id.* The Illinois Supreme Court denied Russell's motion for leave to file an original action, and because his motion required pre-filing authorization, the limitations period was not tolled while the Illinois Supreme Court reviewed that motion. Moreover, Russell does not contend, nor does the record indicate, that equitable tolling should apply.

For the reasons set forth above, the Court agrees with Respondent that the Petition is untimely and should be dismissed. As such, Respondent's Motion to Dismiss (Doc. 9) is granted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires district courts to consider whether to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, a petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)) (emphasis

omitted); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or that Russell presented a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability is denied.

### NOTICE OF APPELLATE RIGHTS

If Russell wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before going to the Seventh Circuit.

If Russell chooses to go straight to the Seventh Circuit, he will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. The undersigned District Judge has already declined to issue a certificate of appealability. So, Russell must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal. He must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Russell files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and

excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Russell cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Russell plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Russell wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-

day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day window or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Russell showing excusable neglect or good cause.

## CONCLUSION

For reasons set forth above, Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**, and the Petition (Doc. 1) is **DISMISSED**. As such, Russell's Motion for Status (Doc. 17) is **DENIED as moot.** The Court also declines to issue a certificate of appealability. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

DATED:   March 14, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**